**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0306-24

MADELAINE WALLACE,

     Plaintiff-Appellant,

v.

MICHAEL J. MCGINNIS,

     Defendant-Respondent.

_____

Submitted June 16, 2025 – Decided December 12, 2025

Before Judges Mawla and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-0353-22.

Rudikh & Associates, LLC, attorneys for appellant (Zlata Rudikh, on the briefs).

Flanagan, Barone & O'Brien, LLC, attorneys for respondent (Kerri A. McDowell, on the brief).

The opinion of the court was delivered by

SMITH, J.A.D.

Plaintiff appeals the trial court's two orders granting summary judgment in defendant's favor and denying her motion for reconsideration, respectively. We affirm for the reasons which follow.

I.

Plaintiff, Madelaine Wallace, was rear-ended by defendant Michael McGinnis, while waiting to make a left-hand turn on Old Bridge Turnpike in Sayreville, New Jersey on January 27, 2020. She sued defendant for negligence and claimed she suffered permanent injuries from the accident.

The parties engaged in discovery, during which time the trial court extended deadlines on eight separate occasions. At plaintiff's request, the trial court granted the most recent extension on February 16, 2024, finding good cause. The court extended the discovery end date to May 31, 2024, resulting in a discovery period of over 700 days. On the same day, the trial court also ordered plaintiff to complete an independent medical examination and produce medical expert reports to defendant by March 29, 2024. The court then scheduled trial for July 8, 2024.

Plaintiff failed to provide defendant with any medical expert reports before discovery expired, and defendant moved for summary judgment on June 6, 2024. Defendant asserted plaintiff had not established permanent injury

2

through objective and credible medical evidence via an expert. Plaintiff's counsel requested an adjournment of trial to August 19, 2024, which was granted.

Plaintiff then amended her answers to interrogatories to include the expert report of Dr. Munir Ahmed, dated February 22, 2024. Plaintiff stated that counsel contacted Dr. Ahmed's office weekly before discovery expired, then daily thereafter, inquiring about the status of the report, however Dr. Ahmed did not provide the report until July 12, 2024.

On July 16, 2024, defendant moved to bar Dr. Ahmed's expert report and testimony at trial because plaintiff failed to timely submit discovery. After argument, the trial court found plaintiff failed to produce discovery until well past the deadline. It barred the late report, finding that plaintiff submitted it without explanation for the delay and well after the original trial date. Because plaintiff could not provide evidence to support her claims, the trial court granted summary judgment, dismissing her complaint with prejudice.

On August 13, 2024, plaintiff moved for reconsideration of both orders. The court again found plaintiff presented no explanation for her failure to move to extend discovery. It determined that presentation of Dr. Ahmed's expert report so close to trial undermined best practices and would have required an

A-0306-24

additional trial adjournment to allow for depositions to occur.  This appeal followed.

## II.

### A.

A trial court's grant or denial of summary judgment is reviewed de novo, applying the same standard used by the trial court.  N.J. Coal. of Auto. Retailers, Inc. v. Ford Motor Co., 261 N.J. 348, 357 (2025).  We view the evidence in the light most favorable to the non-moving party to determine whether no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Id. at 357-58; Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021).

### B.

"Generally, '[a] trial court's resolution of a discovery issue is entitled to substantial deference and will not be overturned absent an abuse of discretion.'" DiFiore v. Pezic, 254 N.J. 212, 228 (2023) (alteration in original) (quoting State v. Stein, 225 N.J. 582, 593 (2016)).  On review, "[w]e defer to the trial court's decision so long as it is not 'so wide [of] the mark that a manifest denial of justice resulted.'"  Ibid. (second alteration in original) (quoting Rowe v. Bell & Gossett Co., 239 N.J. 531, 551-52 (2019)).

A-0306-24

C.

We review a trial court's grant or denial of a motion for reconsideration under Rule 4:49-2 for abuse of discretion. Branch, 244 N.J. at 582. Abuse of discretion occurs when the trial court makes its decision "without rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis." Kornbleuth v. Westover, 241 N.J. 289, 300-01 (2020) (alterations in original) (quoting U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)).

"A motion for reconsideration is meant to 'seek review of an order based on the evidence before the court on the initial motion . . . not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record.'" Triffin v. SHS Grp., LLC, 466 N.J. Super. 460, 466 (App. Div. 2021) (quoting Cap. Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008)). Therefore, reconsideration should only be granted when "1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence . . . ." Ibid. (alterations in original) (quoting Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996)). "The magnitude of the error cited must be a game-changer

A-0306-24

for reconsideration to be appropriate." Id. at 466-67 (quoting Palombi v. Palombi, 414 N.J. Super. 274, 289 (App. Div. 2010)).

III.

Plaintiff argues summary judgment was inappropriate as Dr. Ahmed's medical expert report created a genuine issue of material fact as to the permanence of her injuries. We are unpersuaded.

N.J.S.A. 39:6A-8(a) requires a legally licensed physician's certification of permanency of injuries suffered in a car accident as a prerequisite to a negligence action. Plaintiff did not provide her physician's certification before discovery expired. Although plaintiff later produced Dr. Ahmed's report, plaintiff did not include a "precise explanation that details the cause of delay and what actions were taken during the elapsed time," with the certification of due diligence as required by Bender v. Adelson, 187 N.J. 411, 429 (2006). It follows that plaintiff failed to satisfy Rule 4:17-7 when amending her interrogatories past the discovery deadline and the expert report offered cannot be considered. Summary judgment was appropriate on this record.

When discovery has expired, litigants seeking to introduce further evidence must demonstrate their diligence in obtaining same. R. 4:17-7. As such, the trial court here considered best practices rules, as outlined in Tucci v.

6

Tropicana Casino & Resort, Inc., 364 N.J. Super. 48, 53 (App. Div. 2003), which aim to prevent last minute trial adjournments caused by incomplete discovery. It also considered Vitti v. Brown, 359 N.J. Super. 40, 51-52 (Law Div. 2003), where the court recognized litigants must move to extend discovery and explain the circumstances for delay or risk exclusion of the evidence later provided pursuant to Rule 4:17-7. The trial court properly found that plaintiff's proffer of Dr. Ahmed's report, without explanation, so close to the start of trial and well past the discovery deadline, deviated from best practices rules and the Rules of Court.

Finally, we consider plaintiff's argument that the trial court abused its discretion when it denied her motion for reconsideration after barring the use of Dr. Ahmed's report and testimony and then granting summary judgment. She claims the trial court should have reconsidered its order granting the motions as it was outside her control that Dr. Ahmed's report was untimely. She contends Dr. Ahmed's report and testimony is crucial to plaintiff's case. These arguments do not convince us the court committed reversible error.

Counsel failed to present any new information beyond that presented at the original motion argument. Plaintiff never offered a reason for failing to move to extend discovery, despite knowing Dr. Ahmed's office had not yet

A-0306-24

provided his report. Even though the doctor's report eventually found its way into the record, the trial court found counsel was not diligent in applying to extend the discovery deadlines.

Plaintiff offers no support for the proposition that the trial court based its decision on a palpably incorrect or irrational basis or failed to consider or appreciate evidence submitted within the court's deadlines.

The trial court's denial of reconsideration was a proper exercise of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0306-24